OLIVER N. PAULSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paulson v. Commissioner
Docket No. 309-83.
United States Tax Court
T.C. Memo 1984-430; 1984 Tax Ct. Memo LEXIS 240; 48 T.C.M. (CCH) 869; T.C.M. (RIA) 84430; August 13, 1984. Oliver N. Paulson, pro se. John S. Repsis, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in income tax and additions to tax against petitioner for the calendar years 1977 and 1978 as follows: ADDITIONS TO TAX
YEARS
INCOME TAX
SECTION 6651(a)
SECTION 6653(a) [1]
1977
$6,897
$ 86.75
$360.15
1978
7,056
710.10
686.25
All the adjustments in respondent's statutory notice were put in issue by a timely petition filed with this Court by petitioner on January 4, 1983. At that time, *241 petitioner was a resident of Fort Worth, Texas. This case was noticed for trial at Dallas, Texas, on a trial calendar beginning in that city on May 14, 1984. At the calendar call, on May 14, 1984, the Court inquired of the parties whether a pretrial stipulation of facts had been entered into. It appeared that respondent had submitted a proposed stipulation to petitioner, who had refused to agree to it. The Court reminded petitioner of the requirements of the Court's rules that the parties confer prior to trial and stipulate all relevant facts and documents which should not fairly be in dispute. The Court further ordered the parties to meet prior to trial and enter into such a stipulation, and warned the parties that corrective action would be taken against the party who failed to comply with this order without cause. The case was then set for trial on May 22, 1984. When the case was called for trial on May 22, the Court again inquired whether the parties had met and entered into the required stipulation of noncontroverted relevant facts. It developed that petitioner had refused to meet with respondent's counsel, as ordered by the Court, but instead had mailed to respondent's *242 counsel a document couched in the style of a request for admissions for respondent to execute. The operative paragraphs of this document, 18 in number, related to matters which were either entirely irrelevant to the issues in the case and/or were legal conclusions which were not appropriate matters for stipulation. Respondent tendered a document as his proposed stipulation, covering such relevant matters as petitioner's address during the years in question, his address at the time the instant case was commenced, a copy of the statutory notice herein, petitioner's income tax returns for the years in issue, and copies of a Form W-2 for petitioner from an employer for the year 1977. Petitioner refused to stipulate to these facts and documents. The Court ordered both petitioner's and respondent's documents to be made part of the record herein, as the Court's exhibits. As relevant herein, Rule 91 provides: (a) Stipulations Required: (1) General: The parties are required to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case, regardless of whether such matters *243 involve fact or opinion or the application of law to fact. Included in matters required to be stipulated are all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute. Where the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate. The requirement of stipulation applies under this Rule without regard to where the burden of proof may lie with respect to the matters involved.Documents or papers or other exhibits annexed to or filed with the stipulation shall be considered to be part of the stipulation. Rule 123 further provides, in relevant part: (a) Default: When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such *244 sanctions (see, e.g., Rule 104) as the Court may deem appropriate. The Court may, in its discretion, conduct hearings to ascertain whether a default has been committed, to determine the decision to be entered or the sanctions to be imposed, or to ascertain the truth of any matter. (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. The Court finds that petitioner has failed to comply with the Court's order and Rule 91, to meet with respondent's counsel and negotiate in good faith for a stipulation of facts in this case, and that such failure was deliberate and without any just cause. The Court accordingly finds petitioner in default within the meaning of Rule 123, and a decision in favor of respondent will be entered for the deficiencies in tax and additions to *245 tax as stated in the statutory notice herein. ; cf. . At the calendar call on May 14, 1984, respondent also filed a motion in this case for the award of damages in favor of the United States pursuant to the provisions of section 6673. Section 6673 provides: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. A review of the record herein discloses the following: 1. In his petition filed herein, consisting of 172 numbered paragraphs and 10 further paragraphs requesting relief, petitioner, *246 in addition to controverting all the actions taken by respondent in his statutory notice, raised a host of frivolous and discredited tax protester issues including, inter alia, allegations that the statutory notice of deficiency herein was a "Bill of Pains and Penalties/Bill of Attainder"; that petitioner was ". . . not the proper OBJECT of nor SUBJECT to nor otherwise bound by any U.S. taxing power . . ."; that respondent was guilty of mail fraud; that respondent had no jurisdiction over petitioner; and that respondent ". . . is in violation of a valid Court of Record, Final Order, dated September 24, 1982, C.A. 116, from the Common Law Court of Liberty Township, Dallas County, Texas." Such frivolous tax protester issues require no scholarly discussion. ; . 2. Thereafter, petitioner filed a motion with this Court demanding ". . . an administrative hearing on the proofs of the administrative agency's jurisdiction over my own proper person and subject matter," and demanded that such administrative hearing be held ". . . on August 26, 1983, FRIDAY morning at *247 10 A.M. in Birmingham, Ala. without any more delays or evasion of duty." The motion was clearly frivolous and was denied. 3. Under date of January 9, 1984, petitioner served upon respondent's counsel certain "questions/interrogatories" and "admissions/stipulations." The matters covered therein, including demands for the production of documents, were wholly frivolous and meritless, and respondent, upon application to this Court for a protective order, was relieved by the Court from the necessity of answering or stipulating as requested by petitioner. [2]
3. On April 30, 1984, petitioner lodged with the Court a "Demand for Special Hearing to Voir Dire Judge Korner," in which petitioner *248 demanded answers to the following questions: 1. Does the JUDGE have texes taken out of his paycheck? 2. Does the Internal Revenue Service Corporation, a de facto agency of government have jurisdiction/authority over the Judge's own private individual person and subject matter? 3. Does any entity, agency, person or whatever, have any type of authority over the Judge in any way, shape, form, fashion or manner? If YES, please explain. If NO, so state. 4. At the call of the calendar in Dallas, Texas, on May 14, 1984, when this case was called, petitioner filed a motion to dismiss, together with a lengthy "Memorandum of Points and Authorities" and attached exhibits, alleging lack of authority of respondent over his person and tax affairs, and various other violations of law by respondent with respect to himself, all of which were entirely meritless and frivolous. 5. When the instant case was called for trial on May 22, 1984, and upon the Court's denial of petitioner's motions noted above, petitioner for the first time demanded a continuance of the trial in this case, to give him the opportunity to retain counsel to represent him. Since petitioner had filed his petition *249 with this Court on January 4, 1983, and had been aware of the setting of this case for trial since the Court's notification to that effect dated February 27, 1984, the motion was denied as dilatory. See Rule 134. Petitioner then objected that he was being denied his constitutional right to counsel by the Court. In quick succession thereafter, petitioner objected to the appearance of respondent's counsel on the frivolous grounds that such counsel had no authority to speak for respondent or for the United States Treasury. Finally, as a last effort, petitioner demanded a trial by jury in this Court. Throughout the proceedings, petitioner was argumentative and disruptive, frequently interrupting respondent's counsel, arguing with the Court, and making it difficult to conduct the hearing of this case in an orderly fashion. Enough. At no point in this sorry record -- neither in his pleadings and motions, nor in his appearances before the Court -- has petitioner ever seriously addressed the substantive issues in this case, which are the correct determination of his income and deductions for income tax purposes in the years before us. Instead, petitioner has followed a clear pattern *250 of raising frivolous, discredited and meritless issues which have delayed the progress of the case and have caused additional and unnecessary labor both to respondent and to the Court, without at any time coming to grips with the substantive issues in his case. The record fully warrants a finding that petitioner has maintained this case primarily for delay and on grounds which are frivolous. An award of damages in favor of the United States in the amount of $5,000 will accordingly be made. Cf. ; ; ; . An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, unless otherwise noted.↩
2. As a representative sample of the frivolous matters included in these documents, petitioner requested respondent to admit that there were no rules, either by statute, under the Federal Rules of Civil Procedure or under the Rules of this Court, which would ". . . prevent the aggreived from filing a complaint that relate [sic] to taxes in the Common Law Court of Liberty Township." The existence, jurisdiction, authority and location of any such judicial body are matters unknown to this Court.↩